UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AKANIYENE WILLIAM ETUK,

               Plaintiff,

        -v.-

NEW YORK CITY POLICE DEPARTMENT
et al.,

               Defendants.

24 Civ. 4989 (JHR) (VF)

ORDER ADOPTING REPORT
AND RECOMMENDATION

JENNIFER H. REARDEN, District Judge:

On June 24, 2024, Plaintiff Akaniyene William Etuk, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 against the New York City Police Department ("NYPD") and John Doe police officers. ECF No. 1. On August 16, 2024, Plaintiff filed an amended complaint (the "First Amended Complaint"), dropping the NYPD as a Defendant and adding the City of New York (the "City"). ECF No. 7. On January 2, 2025, Plaintiff filed a second amended complaint (the "Second Amended Complaint"), adding claims against individual NYPD officers Abdoulaye Bah, Muhammad Molla, Lieutenant David Pabon, Peter Esposito, Ely Gonzalez, Ana Garcia, Melba Cespedes, Christian Cacace, and Anajess Alvarez (collectively, the "Individual Officers," or the "Individual Defendants"). ECF No. 23. In the Second Amended Complaint, Plaintiff alleges violations of his constitutional rights during an encounter on March 9, 2024. On March 7, 2025, the City moved to dismiss the Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). ECF No. 25. On July 7, 2025, the Individual Officers did the same. ECF No. 47. Before the Court is the Report and Recommendation of Magistrate Judge Valerie Figueredo, ECF No. 57, recommending that the City and Individual Officers' motions to dismiss be granted, with leave to amend certain claims in the Second Amended Complaint. *Id.* at 1. The Court has examined the Report and Recommendation and notes that no objections have been

filed.  For the reasons set forth below, the Court finds no clear error in the Report and Recommendation and ADOPTS Judge Figueredo's recommendation.

## BACKGROUND[1]

Plaintiff commenced this action on June 24, 2024.  ECF No. 1.  On August 16, 2024, Plaintiff filed the First Amended Complaint, which replaced the NYPD with the City as a Defendant.  ECF No. 7.  On August 22, 2024, the Court referred this action to Judge Figueredo for all purposes except trial.  ECF No. 9.  On August 26, 2024, the Court issued an Order of Service which, pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997), directed "the Corporation Counsel of the City of New York . . . [to] ascertain the identities and shield numbers of th[e] unidentified defendants, as well as their service addresses" and to "provide this information to the Court and to Plaintiff within 60 days."  ECF No. 1 (the "*Valentin* Order").  On October 23, 2024, the City requested an extension of its time to respond to the *Valentin* Order, which Judge Figueredo granted.  ECF Nos. 14-15.  On November 27, 2024, the City provided the necessary information for nine of the unidentified John Doe officers and requested a further extension of time to identify the tenth.  ECF No. 18.  Judge Figueredo granted this extension.  ECF No. 19.  The City timely filed a letter on December 16, 2024 identifying the tenth John Doe Defendant, NYPD Officer Raju Ahmed.  ECF No. 21.  Judge Figueredo subsequently directed Plaintiff to "file a second amended complaint naming the individuals identified in the Defendant City of New York's letters at ECF Nos. 18 and 21 by January 15, 2025."  ECF No. 22.

Plaintiff filed the Second Amended Complaint on January 2, 2025, naming the John Doe officers identified by the City as Defendants, except for Raju Ahmed (ECF No. 23).  Judge Figueredo subsequently directed the City to respond to the Second Amended Complaint by

---

[1] Familiarity with the facts, which are set forth in detail in the Report and Recommendation, is assumed.  *See* ECF No. 57.

March 7, 2025 and set a deadline for service of the Individual Officers of April 2, 2025.  ECF No. 24.  On March 7, 2025, the City moved to dismiss the Second Amended Complaint.  ECF No. 25.  Plaintiff opposed the motion on March 21, 2025, ECF Nos. 29-30, and the City filed its reply on April 22, 2025.

On April 9, 2025, Judge Figueredo issued an order noting that Plaintiff was supposed  to serve the Individual Defendants by April 2, 2025, and that "[t]o [that] date, Plaintiff ha[d] not filed a certificate of service reflecting service on the [I]ndividual [D]efendants."  ECF No. 32. The order extended Plaintiff's deadline to serve the Individual Defendants to April 21, 2025.  *Id.* On April 21, 2025, in light of Plaintiff's *in forma pauperis* status, Judge Figueredo directed the Clerk of Court to assist Plaintiff with service of the Individual Defendants.  ECF No. 34.  From April 28, 2025 to June 25, 2025, the Individual Defendants filed waivers of service.  ECF Nos. 36-43, 45.  After securing an extension from Judge Figueredo, ECF No. 46, the Individual Defendants timely filed their motion to dismiss the Second Amended Complaint on July 7, 2025. ECF No. 47.  On August 20, 2025, the Individual Defendants filed a letter "to note that Plaintiff ha[d] failed to oppose their Motion to Dismiss the Second Amended Complaint, and to respectfully request that the Court deem the individual Defendants' motion fully briefed."  ECF No. 50.  Judge Figueredo subsequently "directed [Plaintiff] to respond to the motions [to dismiss], or otherwise ask for an extension of time to file an opposition, by September 15, 2025"—noting that, "[i]f Plaintiff d[id] not file a response or letter seeking an extension by that date, the Court w[ould] consider the pending motions to dismiss fully briefed and unopposed." ECF No. 51.  On September 12, 2025, Plaintiff filed oppositions to both the City's motion, ECF No. 25, and the Individual Defendants' motion, ECF No. 47.  ECF Nos. 52-53.  On October 3, 2025, after obtaining an extension from Judge Figueredo, ECF Nos. 54-55, the City and the Individual Defendants jointly filed a reply.  ECF No. 56.

On January 2, 2026, Judge Figueredo issued a Report and Recommendation that Plaintiff's Second Amended Complaint be dismissed, with leave to amend certain of Plaintiff's claims.  ECF No. 57 at 1.  The Report and Recommendation notified the parties that they had "**fourteen (14) days . . . to file any objections.**"  *Id.* at 32.  The Report and Recommendation further cautioned that, "**[i]f a party fail[ed] to file timely objections, that party w[ould] not be permitted to raise any objections to this Report and Recommendation on appeal.**"  *Id.*  In addition, the Report and Recommendation expressly called the parties' attention to Rule 72 of the Federal Rules of Civil Procedure (governing pretrial orders issued by magistrate judges) and 28 U.S.C. § 636(b)(1) (governing the jurisdiction of magistrate judges), both of which detail procedures for objecting to the Report and Recommendation.  *See id.* at 32.  No objections have been filed, nor has any extension of time to file objections been requested.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also Oparaji v. Home Retention Corp.*, No. 24-1444, 2025 WL 1901297, at *2 (2d Cir. July 10, 2025).  With respect to those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists.  *See, e.g.*, *Marky's Martial Arts, Inc. v. FC Online Marketing, Inc.*, No. 19 Civ. 03363 (ALC) (VF), 2023 WL 171401, at *1 (S.D.N.Y. Jan. 12, 2023).  A report and recommendation "is clearly erroneous if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'"  *Nazon v. Time Equities, Inc.*, No. 21 Civ. 8680 (AT) (SLC),

2023 WL 1516905, at *1 (S.D.N.Y. Feb. 3, 2023), *appeal withdrawn*, No. 23-259, 2023 WL 5570818 (2d Cir. July 12, 2023) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

Notwithstanding a direct warning that a failure to file objections would preclude appellate review, ECF No. 57 at 32, Plaintiff did not file any objections to the Report and Recommendation.  Thus, Plaintiff waived the right to judicial review.  *See Fredricks v. Desrochas*, No. 21 Civ. 8389 (JGLC) (SLC), 2025 WL 1018870, at *1 (S.D.N.Y. Apr. 4, 2025) (citing *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992)); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.") (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).  The Court has carefully reviewed the Report and Recommendation in any event and, unguided by objections, finds no clear error.  The Report and Recommendation is "well-reasoned and grounded in fact and law." *Fredricks*, 2025 WL 1018870, at *1.  Accordingly, the Report and Recommendation is ADOPTED in its entirety.

The Clerk of Court is directed to terminate ECF Nos. 25 and 47.

SO ORDERED.

Dated:  March 25, 2026
New York, New York

_____
JENNIFER H. REARDEN
United States District Judge

5